IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISINA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　Plaintiff<br><br>v.<br><br>AMERICAN RIVER TRANSPORTATION COMPANY<br>　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.: _____<br><br><br>JURY CHARGE DEMANDED |

## ORIGINAL COMPLAINT

## NATURE OF ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, <u>as amended</u>, ("Title VII") and Title I of the Civil Rights Act of 1991, <u>as amended,</u> to correct unlawful employment discrimination on the basis of race and to provide appropriate relief to Lionel Jones who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that American River Transportation Company ("ARTCO") violated Title VII by subjecting an African-American, Lionel Jones ("Jones") to racial harassment which adversely affected the terms and conditions of his employment.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, <u>as amended</u>, 42 U.S.C. §2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, <u>as amended</u>, 42 U.S.C. §1981a.

3. Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana, New Orleans Division.

## PARTIES

4. Plaintiff, Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 USC §2000e-5(F)(1) and (3).

5. At all relevant times, Defendant American River Transportation Company ("ARTCO" or "Defendant") a Delaware corporation, is a wholly owned subsidiary of Archer Daniels Midland Company and has continuously been doing business in the State of Louisiana, within the jurisdiction of this Court, and has continuously had at least fifteen employees.

6. At all relevant times, Defendant ARTCO has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 USC §2000e(b) (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jones filed a charge with the Commission alleging violations of Title VII by ARTCO, his former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least September 2016, when Jones began his employment with ARTCO as a deckhand, Defendant ARTCO engaged in unlawful employment practices

in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) and §2000e-3(a).

9. Jones, an African-American male, began his employment with ARTCO in September 2016 as a Deckhand I assigned to ARTCO's Louisiana Star vessel. From the beginning of his employment with Defendant, ARTCO employees, and others with whom they worked, were using variations of the word nigger (hereafter "n" word), which was highly offensive to Jones. One particular ARTCO employee, Cody Hampton ("Hampton"), a white male deckhand, was the primary offender. After enduring the offensive language for at least a month, Jones sought out Hampton and asked him to stop using such language explaining it was offensive to him. Hampton declined, stating that since he used the word every day he would have difficulty stopping. After speaking directly with the offender had no effect, Jones then spoke with the Captain of the vessel, complaining about the use of the "n" word by Hampton and the employees of other companies with whom they worked with on the vessel. The Captain informed Jones that there was nothing he could do about the employees of other companies who used the offensive language while they were on ARTCO's vessel and he minimized Jones' complaint about Hampton's use of the "n" word. Thereafter, Jones's work environment continued to be permeated with the "n" word.

10. The crew of the Louisiana Star transferred to the Louisiana Legacy vessel a few months later but the offensive work environment remained unchanged. In or around June 2017, while working on the Louisiana Legacy, Jones observed Hampton carrying a line of rope which had been fashioned into a noose. Hampton, without saying anything directly to Jones, placed the noose on the deck of the vessel near where Jones and

another African-American employee were working. Jones and the employee confirmed to each other the rope was a noose.  Jones immediately reported Hampton's noose to the Captain. The Captain asked to see the noose and, after taking pictures of it, Jones brought the noose to the Captain as requested.  The Captain never spoke about the matter to Jones again and did not impose any discipline on Hampton for the noose or for his use of racially offensive language in the workplace.  After it was apparent his complaints were not being taken seriously by Defendant ARTCO, Jones wrote a letter to Defendant's personnel manager, Craig Broussard.  Even though Jones showed Broussard photographic evidence of the noose, no action was taken by Defendant against Hampton.  Jones then escalated his complaint about the racially hostile work environment to Dan Sanders, the operations manager, but found no relief for his circumstances with Sanders either.  Sometime in September 2017, Jones transferred to a different vessel and away from Hampton.

11. The effect of the practices complained of above has been to deprive Jones of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race, African-American.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Lionel Jones.

## **PRAYER FOR RELIEF**

14. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of race;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities regardless of race and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Lionel Jones by providing compensatory damages for past and future pecuniary losses including emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self-esteem, humiliation and other mental and emotional effects, in amounts to be proven at trial;

D. Order Defendant to pay Lionel Jones punitive damages for its malicious and/or reckless conduct as described above, in amounts to be proven at trial;

E. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

F. Award the Commission its costs in this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**SHARON FAST GUSTAFSON**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel

No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**RUDY L. SUSTAITA**
Regional Attorney
EEOC
Houston District Office
1919 Smith Street, 6th Floor
Houston, Texas 77002


**/s/Michelle T. Butler**
Senior Trial Attorney (TA)
Attorney-in-Charge
LA Bar Roll No. 01286
EEOC
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, La. 70112
Direct Line: (504) 595-2872
Fax: (504) 595-2884
Email: michelle.butler@eeoc.gov

**LLOYD VAN OOSTENRUK**
Houston District Office
1919 Smith Street, 6th Floor
Houston, Texas 77002
Direct Line: (713) 651-4906
Fax: (713) 651-
Email: lloyd.vanoostenruk@eeoc.gov

**AGENT FOR SERVICE OF PROCESS**

CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816